```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**STEVEN LEE ADKINS, JR.,**

       Plaintiff,

v.                                Civil Action No. 2:18-cv-00342

**CAPTAIN TONEY, C.O. DEMPSEY,
JOHN DOE #1, and JOHN DOE #2,**

       Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

Pending is the renewed motion for summary judgment of the remaining named defendants, Captain Toney and C.O. Dempsey, filed June 19, 2020.  <u>See</u> ECF No. 61.  The plaintiff filed a response on July 6, 2020, to which the defendants replied on July 13, 2020.  <u>See</u> ECF Nos. 67, 69. Also pending is the plaintiff's motion to amend the complaint, filed June 25, 2020, ECF No. 64, and plaintiff's motion for appointment of counsel, filed July 27, 2020, ECF No. 70.

In his complaint, the plaintiff brought claims of (1) Eighth Amendment excessive use of force, (2) supervisory liability, and (3) emotional and mental distress.  <u>See</u> Compl., ECF No. 2.  These claims relate to a July 25, 2017 incident in which the plaintiff refused to leave his cage in the recreation

yard of Mount Olive Correctional Complex ("MOCC"), resulting in the correctional officers ("COs") removing him by force.

The court entered a memorandum opinion and order on February 25, 2020 on the prior motion for summary judgment, granting summary judgment for all defendants "with respect to plaintiff's claim of supervisory liability," and denying summary judgment "insofar as there is a genuine dispute of material fact regarding the alleged choking."[1]  See ECF No. 46 at 15.  As a result, the only remaining claims are excessive force relating to the alleged choking of the plaintiff after he was placed in mechanical restraints and subdued by Correctional Officers (Count I) and what plaintiff deems emotional and mental distress (Count III).  Id.

I. Excessive Use of Force

An Eighth Amendment claim for excessive use of force is composed of a subjective component, whether a prison official acted with a sufficiently culpable state of mind, and an objective component, whether the official inflicted a sufficiently serious injury.  Williams v. Benjamin, 77 F.3d 756,

---

[1] The February 25, 2020 order dismissed Warden David Ballard, the only other named defendant in this action, inasmuch as the only claim against him was that of supervisory liability.

761 (4th Cir. 1996) (citing Wilson v. Seiter, 501 U.S. 294, 302 (1991).

      The defendants' initial motion for summary judgment and the magistrate judge's proposed findings and recommendations focused on the subjective component of the inquiry. See Defs.' Mem. Supp. Mot. Summ. J., ECF No. 24; PF&R, ECF No. 44. That inquiry turns on whether force was applied in good faith by prison officials "to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6–7 (1992). Courts use the following four factors to assess a defendant's subjective intent: (1) "the need for the application of force"; (2) "the relationship between the need and the amount of force that was used"; (3) the extent of any reasonably perceived threat that the application of force was intended to quell; and (4) "any efforts made to temper the severity of a forceful response." Iko v. Shreve, 535 F.3d 225, 239 (4th Cir. 2008) (quoting Whitley v. Albers, 475 U.S. 312, 321); see also Brooks v. Johnson, 924 F.3d 104, 116 (4th Cir. 2019).

      In its prior order, the court found the limited use of Oleoresin Capsicum spray ("OC") to gain compliance from the plaintiff while he remained hostile was supported by the audio/video evidence and that the incident reports and

audio/video also showed that restraining the plaintiff's head and neck was necessary to subdue him and apply the mechanical restraints. Id. at 10.

The court further found that the plaintiff's contention that he was choked for no reason after he "was already subdued, restrained and not resisting" was still subject to a genuine dispute of material fact. Id. at 12; see Compl. ¶ 6. The video of the incident does not clearly show what happened immediately after the plaintiff was tackled when the plaintiff's body was obscured by a team of COs. See DVD Exhibits. The defendants did not address the choking allegation in their initial motion and supporting memoranda, though they denied it in their answer. The court, finding that the incident may have amounted to a malicious and sadistic use of force, was unable to dismiss on the subjective component.

Nor was the court then able to dismiss the count on the objective component as a trivial use of force. The plaintiff alleged that his "throat was bruised, and sore for 3-4 weeks" and that he "could not swallow or eat, lost weight, and muscle/neck soreness." The alleged injury was sufficient to survive summary judgment. ECF No. 46.

The defendants were delayed in conducting the plaintiff's deposition because of limitations arising out of the

COVID-19 pandemic, but ultimately conducted his deposition using the Zoom platform on May 27, 2020. See ECF Nos. 55, 56. After doing so, the defendants informed the court that the plaintiff asserted during his May 27, 2020 deposition that he was allegedly choked by C.O. Wilson, who is not a named defendant in this case. See ECF No. 59 at 3. The defendants further asserted that the plaintiff testified that neither of the only remaining named defendants, Capt. Toney and C.O. Dempsey, administered the alleged choking. The defendants thus maintained that they were entitled to summary judgment and sought leave to pursue a second motion for summary judgment. Id.

On June 10, 2020, the court granted defendants' motion for leave to file a renewed motion for summary judgment on the sole issue of the alleged choking. See ECF No. 60.

## II. Legal Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material" facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d

570, 576 (4th Cir. 2010). A "genuine" dispute of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-moving party. <u>Anderson</u>, 477 U.S. at 248.

Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962). A party is entitled to summary judgment if the record, as a whole, could not lead a rational trier of fact to find for the non-moving party. <u>Williams v. Griffin</u>, 952 F.2d 820, 823 (4th Cir. 1991). Conversely, summary judgment is inappropriate if the evidence is sufficient for a reasonable fact-finder to return a verdict in favor of the non-moving party. <u>Anderson</u>, 477 U.S. at 248.

### III. Discussion

<u>Excessive Use of Force</u>

The defendants argue in their memorandum in support of the renewed motion that they are entitled to summary judgment on the Count I claim of excessive force, based on the plaintiff's admission that it was solely C.O. Wilson who did the alleged choking. ECF No. 62.

The plaintiff was asked in his deposition whether he recalled who choked him and he responded that "it had to be Wilson because he was in control of my head as the incident report states." Adkins Dep. 20:18-20:20, ECF No. 61-1. The plaintiff based this answer on his firsthand knowledge and on the accident report. Id. at 20:18-21:6. He indicated that he was choked by just one individual. Id. at 21:16-21:18. The plaintiff takes this position again in his opposition memorandum. ECF No. 67 ¶7 ("all of them [the defendants] could see Sgt. Wilson choking me"). Because the plaintiff concedes that the defendants did not perform the choking, there is no genuine issue of material fact as to the excessive force issue in the case as to the two named defendants.

In his responsive opposition memorandum, the plaintiff argues that the defendants are still liable because they were present at the time of the alleged choking incident and could have acted somehow to stop it. Id. Given that the plaintiff did not plead bystander liability in his complaint, this argument does not save his claim from summary judgment.

Finally, the plaintiff attempts to introduce "new evidence" in the form of an alleged conversation with an unnamed correctional officer who expressed his belief that the defendants sprayed OC for an excessively long period of time.

Id. at ¶11.  The only remaining excessive force issue in this case is the alleged choking and, even if this allegation were admitted as evidence, it would not generate a genuine issue of material fact as to whether these defendants committed the choking.  The court has already ruled that the record shows the use of OC was necessary to subdue the plaintiff.  ECF No. 46.

Intentional Infliction of Emotional Distress

The plaintiff asserted in his complaint that he "suffered mental and emotional distress" and pled a separate count for "Emotional and mental distress."  Compl. at 5-6, ECF No. 2.  In their renewed motion for summary judgment, the defendants argue that they are entitled to summary judgment on this count to the extent it is a claim of intentional infliction of emotional distress.  ECF No. 62.

In order to prove a claim for intentional infliction of emotional distress, the plaintiff must show: "(1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress

suffered by the plaintiff was so severe that no reasonable person could expected to endure it." Syl. Pt. 3, Travis v. Alcon Laboratories, Inc., 504 S.E.2d 419 (W. Va. 1998).

The record and the court's memorandum opinion and order establish that the defendants did not commit any outrageous conduct. ECF No. 46. Rather, the actions attributable to the defendants were necessary and appropriate. Thus, the plaintiff's intentional infliction of emotional distress claim fails as he cannot put forth a genuine issue of fact as to the defendants' conduct.

Plaintiff's Motion to File an Amended Complaint

Plaintiff moved to amend his complaint to replace the John Doe #1 defendant with C.O. Wilson on June 25, 2020 and provided a memorandum in support of that motion on July 10, 2020. See ECF Nos. 64, 68. Defendant C.O. Dempsey filed a response in opposition to the motion on June 26, 2020. ECF No. 65.

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Denial of leave to amend should occur "only when the amendment would be prejudicial to

the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

The standard for futility is the same as a motion to dismiss under Rule 12(b)(6). See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008) (affirming district court's denial of a motion to amend because "proposed amended complaint does not properly state a claim under Rule 12(b)(6) and lacks sufficient particularity under Rule 9(b)"); Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995) (holding that an amendment is futile if the amended claim would fail to survive a motion to dismiss). "Leave to amend should be denied on the ground of futility only when the proposed amendment is clearly insufficient or frivolous on its face." Cappetta v. GC Servs. Ltd. P'ship, No. 3:08CV288, 2009 WL 482474, at *4 (E.D.Va. Feb. 24, 2009) (citing Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980); Oroweat Foods Co. at 510)).

C.O. Dempsey argues that the motion should be denied as futile because the statute of limitations for a § 1983 claim against C.O. Wilson has expired and the amendment will not relate back. While § 1983 does not have an associated statute

10

of limitations, federal courts apply the "state's statute of limitations governing general personal injury actions" when considering § 1983 claims. Battle v. Ledford, 912 F.3d 708, 713 (4th Cir. 2019) (quoting Owens v. Okure, 488 U.S. 235, 251 (1989)). The West Virginia Code sets a limitations period for personal injury actions of two years from accrual of the right to sue. W. Va. Code § 55-2-12(b). The incident at issue occurred on July 25, 2017 and plaintiff's motion to amend the complaint was filed on June 25, 2020, almost three years later. Thus, an action against C.O. Wilson is barred unless it relates back.

In order for an amendment to the complaint changing a defendant to relate back, the plaintiff must show that (1) the newly-added defendant received notice of the original action within the period provided for in Rule 4(m) (ordinarily 90 days from filing the complaint) and (2) the newly-added defendant knew or should have known that the action would have been brought against him, but for a mistake concerning the proper party's identity. Rule 15(c)(1)(C).

The plaintiff does not allege, argue or present evidence that C.O. Wilson had notice of the original action or knew or should have known of the mistake concerning his identity. C.O. Wilson was neither identified in nor served with

11

the complaint. The plaintiff did not raise C.O. Wilson's involvement until his deposition on May 27, 2020, which was then incorporated in the present motion to amend the complaint, filed on June 25, 2020, more than two years after the complaint was filed.

The plaintiff does not contest that the above requirements for relation back are not met. Rather, he argues that the requirements are inapplicable because application of the requirements would be unfairly burdensome as he is indigent and incarcerated. Simply, Rule 15(c) makes no such exception for indigent or incarcerated plaintiffs.

The court also notes that the plaintiff had been on notice of C.O. Wilson's involvement since at least March 8, 2019, 139 days before the end of the limitations period, when defendants David Ballard, C.O. Dempsey, and Capt. Toney attached a set of incident reports as an exhibit to their initial motion for summary judgment, including Incident Report 00147027. ECF No. 23-3. That report states clearly that C.O. Wilson was the officer in control of the plaintiff's head and neck during the July 25, 2017 incident. Id. The plaintiff testified that this report formed the basis for his knowledge of C.O. Wilson's involvement. Adkins Dep. 20:18-20:20. Yet, the plaintiff made

no attempt to add C.O. Wilson to the present action until June 25, 2020.

Because a claim against C.O. Wilson is barred by the applicable statute of limitations and does not relate back, amending the complaint as the plaintiff seeks to do would be futile and the motion to amend must be denied.

<u>Plaintiff's Motion for Appointment of Counsel</u>

Finally, the plaintiff filed a motion for this court to appoint counsel on July 27, 2020. The defendants did not file a response to this motion. By this Order, the court dismisses this matter in its entirety. The plaintiff's motion to appoint counsel is denied.

### IV. Conclusion

In view of the foregoing, it is ORDERED:

1. That the renewed motion for summary judgment filed by defendants Capt. Toney and C.O. Dempsey be, and it hereby is, granted;

2. That the plaintiff's motion to amend the complaint be, and it hereby is, denied;

3. That the plaintiff's motion for appointed counsel, be and it hereby is, denied;

4. That this case be dismissed with prejudice and removed from the docket of the court.

The Clerk is directed to forward copies of this memorandum opinion and order to all counsel of record and any unrepresented parties.

ENTER: September 17, 2020

John T. Copenhaver, Jr.
Senior United States District Judge